RECEIVED
JUN 30 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOUIS W. THEUS | CIVIL ACTION NO. 05-1145 |
| versus | JUDGE STAGG |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | REFERRED TO: MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

**Introduction**

Louis W. Theus ("Plaintiff") applied for benefits based on an assertion that he became disabled in 2003 after he was hit by a train. Plaintiff, who has a twelfth grade special education and past work experience that includes employment as a plumber helper, maintenance mechanic and forklift operator, was 45 years old when ALJ Howard Treblin denied his claim based on a finding at step five that Plaintiff had the residual functional capacity ("RFC") to perform available jobs identified by a vocational expert ("VE").

The Appeals Council denied a request for review. Plaintiff then filed this civil action seeking the limited judicial relief that is available pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issues on Appeal**

Plaintiff asserts three errors on appeal, all of which are related to his claim of a mental impairment. He asserts that the ALJ erred because he (1) did not find a severe mental impairment, (2) did not follow the special psychiatric review technique set forth in the regulations, and (3) did not convey to the VE Plaintiff's mental health limitations.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Summary of the ALJ's Decision**

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). He found that Plaintiff had not engaged in substantial gainful activity (step one) and had severe impairments (step two) in the form

of sick sinus syndrome with pacemaker and degenerative joint disease, and he concluded that the impairments did not meet or equal the requirements of any listing (step three).

The ALJ then reviewed the evidence and determined that Plaintiff had the RFC to perform light work that is unskilled and simple and repetitive, reduced by not working at unprotected heights or around dangerous moving machinery. With respect to Plaintiff's current argument that the ALJ should have found a mental health limitation, the ALJ specifically found that Plaintiff's depression and alcohol use are "under control and do not impact upon his ability to perform basic work activities on a substantial basis." Tr. 21.

The VE, in response to the ALJ's hypothetical questions, testified that a person with Plaintiff's RFC and relevant vocational factors could not perform Plaintiff's past relevant work (step four), so the ALJ inquired as to whether there were other jobs available in the economy that Plaintiff could perform. The VE identified jobs such as bench assembler, production assembler, finisher and assembler. The ALJ concluded at step five, within the framework of Medical-Vocational Rule 202.21, that Plaintiff was not disabled.

**Analysis**

The only significant medical records that suggest a mental health limitation relate to Plaintiff's admission to LSUHSC in April 2004, at the request of his mother, because of Plaintiff's alcohol and "nerve" problem. Plaintiff had been drinking daily from morning to night, threatened to burn the house if his mother threw him out, and had gone to sleep at times with the gas on or food cooking. Plaintiff's past medical history, at admission,

included alcohol abuse but no mental health problems. A CT scan showed bilateral frontal atrophy and decreased volume in the cerebellum, caused by the incident with the train. Plaintiff was placed on Ativan (anti-anxiety medication) for a couple of days. He did not require antidepressants or exhibit psychotic symptoms, and he showed "good insight judgment and good behavior and cooperativeness" until his family arrived during a treatment meeting. Plaintiff then started displaying marked paranoia, agitation and irritability. His discharge was then placed on hold, and testing showed psychosis, paranoia and delusional traits as well as alcohol abuse. Plaintiff was placed on Depakote and Geodon to maximized dosage. He adapted to the medications well and had no further incidents. Plaintiff was released with a GAF assessment of 50 and a diagnosis of alcohol dependence and bipolar disorder, NOS. Plaintiff was directed to follow up with AA. Tr. 149-51.

There is no evidence that Plaintiff ever again sought or required mental health treatment of any kind. By the time of his hearing six months later, Plaintiff was no longer taking the medications prescribed during his admission. He testified, although during a discussion of his heart problem, that he did not have the money he needed for his medications. Tr. 193-94. He also testified that he was attending AA and no longer drinking, going on two months (Tr. 186-87) but he later suggested that he does still drink beer sometimes and does not really consider it alcohol. Tr. 208.

Plaintiff testified that he has trouble doing math, writing and reading as fast as he once could (Tr. 181), which was adequately addressed by the RFC's inclusion of a limitation to

unskilled, simple and repetitive work. The ALJ asked Plaintiff about his diagnosis of bipolar disorder. Plaintiff responded by asking that the ALJ explain to him what bipolar meant. The ALJ explained that it was a mental health problem that had been diagnosed at LSUHSC. Plaintiff said he did not know if he had a mental problem. Plaintiff's sister said that she had noticed for the last four years that Plaintiff had a "bad nerve problem" that caused him to misplace things and drink excessively. She said Plaintiff "just stays nerved up all the time and edgy." Tr. 187-89.

The ALJ specifically discussed and accurately summarized the record of Plaintiff's one psychiatric admission. He observed that Plaintiff was no longer taking Depakote or Geodon, and he stated that he "did not observe any untoward mental limitations [during the hearing] which would prevent the claimant from performing simple, repetitive tasks and unskilled work." The ALJ also noted that Plaintiff stated in his activities of daily living form that he cared for his mother, helped around the house, cleaned, made household repairs and did some yard work. Plaintiff had a driver's license, shopped occasionally and enjoyed fishing, going to church, reading and watching television. Tr. 19-20. Based on this evidence, the ALJ did not include a mental health limitation among Plaintiff's severe impairments, nor did he include a mental health limitation (beyond the limit to simple, unskilled work) in the RFC.

Plaintiff's first issue on appeal urges that the absence of a finding of a mental impairment in those areas is not supported by substantial evidence, but the record contains

evidence that a reasonable mind could accept as adequate to support a conclusion that the mental health problem was resolved and did not meet the twelve-month durational requirement. Reasonable minds could perhaps differ, but there was a credible evidentiary choice that the ALJ could make to omit the mental health limitations urged by Plaintiff.

Plaintiff complains that the ALJ did not complete a psychological review technique form ("PRTF") or follow the special technique set forth in the regulations for the assessment of mental impairments. The regulations provide in 20 C.F.R. § 416.920a that the agency will, when evaluating the severity of mental impairments, follow a special technique at each level in the administrative review process. A standard document must be completed at the initial and reconsideration levels, but at the ALJ and Appeals Council levels the agency need only "document application of the technique in the decision." § 416.920a(e). At those levels, the written decision issued by the ALJ "must incorporate the pertinent findings and conclusions based on the technique" and "must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section." § 416.920a(e)(2). The functional areas mentioned are activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. Under the current regulations, the PRTF is not mandated at the ALJ level so long as the decision incorporates the pertinent findings and conclusions based on the technique. Under a prior version of the regulations, some courts had held that the ALJ's failure to complete a PRTF was grounds for reversal and remand. Bloch on Social Security § 3:38 (Disability Based on

Mental Condition).

The ALJ did not complete a PRTF, nor did he make specific findings with respect to the degree of limitation in each of the four functional areas. The omission could require reversal and remand in some cases, but that is not required in this case. The ALJ specifically discussed the only objective evidence on this issue and reached a conclusion that was fully supported by that evidence and adequately explained to permit meaningful judicial review. His failure to rigorously adhere to the regulation and discuss each of the four domains casts no doubt on the propriety of his decision and did not prejudice Plaintiff in this case. A remand, which would serve only a desire for procedural perfection, is not required. See Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir.1988) ("Procedural perfection in administrative proceedings is not required.") and Morris v. Bowen, 864 F.2d 333, 335-36 (5th Cir.1988) (applying harmless error standard in social security case).

Plaintiff's final issue complains that the ALJ did not include a mental limitation in the hypotheticals that he posed to the VE. Because the ALJ did not err in declining to find a mental health limitation, he was not required to include such a limitation in his hypotheticals. Accordingly, the Commissioner's decision to deny benefits will be affirmed.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 29th day of June, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE